UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

HELSON PABON-GONZALEZ, JR.,

      Plaintiff,

v.                                                   Case No. 17-C-540

JOSEPH D. BEAHM, et al.,

      Defendants.

---

## DECISION AND ORDER GRANTING DEFENDANTS'
## MOTION FOR PARTIAL SUMMARY JUDGMENT

---

Plaintiff Helson Pabon-Gonzalez, Jr., who is currently serving a state prison sentence at the Wisconsin Secure Program Facility, filed this action pursuant to 42 U.S.C. § 1983, alleging Defendants Joseph Beahm, Shane Waller, Don Strahota, Tony Meli, and William Pollard violated his constitutional rights while he was incarcerated at Waupun Correctional Institution. The court screened Plaintiff's amended complaint on July 31, 2017 and allowed Plaintiff to proceed on the following claims: excessive force claims against Beahm, Waller, Strahota, Meli, and Pollard; a conditions of confinement claim against Strahota, Meli, and Pollard; and a retaliation claim against Meli. This matter is before the court on the defendants' motion for partial summary judgment. The defendants maintain that Plaintiff has failed to exhaust his administrative remedies with respect to his conditions of confinement and retaliation claims and that Pollard, Strahota, and Meli are entitled to summary judgment on the excessive force claim. For the following reasons, the defendants' motion will be granted.

## BACKGROUND

Plaintiff alleged in his amended complaint that Officer Beahm used excessive force against him on May 9, 2012. Although Pollard, Strahota, and Meli were not present at the time of the incident and did not witness Beahm use excessive force against Plaintiff,[1] Plaintiff claims Strahota, Meli, and Pollard, who were Beahm's supervisors, knew of and condoned Beahm's use of excessive force. Plaintiff asserts that, after he was placed in segregation, he was denied clothes and a blanket for five days. He also alleges that, as a result of reporting Beahm's actions, Meli retaliated against him by instituting greater restrictions against him.

On May 25, 2012, the Institution Complaint Examiner (ICE) received Plaintiff's offender complaint WCI-2012-10920, which alleged Beahm mistreated him on May 9, 2012. Plaintiff filed offender complaint WCI-2012-12134, which the ICE received on June 13, 2012, alleging that Beahm issued a false conduct report against him on May 9, 2012. He also filed offender complaints challenging the procedural aspects of the discipline he received. Plaintiff did not file any inmate complaints regarding his conditions of confinement or Meli's retaliation.

## LEGAL STANDARD

Summary judgment is appropriate when the moving party shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R.

---

[1] Although Plaintiff attempts to dispute some of the defendants' proposed facts, each of the facts Plaintiff challenges is supported by evidence in the record, more specifically, declarations of the defendants indicating their personal knowledge. In opposing the defendants' factual statements, Plaintiff has offered no sworn declaration setting forth contrary facts. Plaintiff must do more than raise mere "metaphysical doubt as to the material facts." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010) (citations omitted); *see also* Civil L.R. 56(b)(2)(B) (If a fact is disputed, the non-movant "must include a specific reference to an affidavit, declaration, or other parts of the record that supports the claim that a genuine dispute exists as to the fact stated by the moving party.").

Civ. P. 56(a). The moving party has the burden of showing that there are no facts to support the nonmoving party's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). All reasonable inferences are construed in favor of the nonmoving party. *Foley v. City of Lafayette*, 359 F.3d 925, 928 (7th Cir. 2004). The party opposing the motion for summary judgment must "submit evidentiary materials that set forth specific facts showing that there is a genuine issue for trial." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010) (citations omitted). "Material" means that the factual dispute must be outcome-determinative under the law. *Contreras v. City of Chicago*, 119 F.3d 1286, 1291 (7th Cir. 1997). A "genuine" issue must have specific and sufficient evidence that, were a jury to believe it, would support a verdict in the non-moving party's favor. Fed. R. Civ. P. 56(e); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). "The nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* Summary judgment is properly entered against a party "who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Parent v. Home Depot U.S.A., Inc.*, 694 F.3d 919, 922 (7th Cir. 2012) (internal quotations omitted).

## ANALYSIS

**A. Exhaustion of Administrative Remedies**

The defendants maintain that Plaintiff has failed to exhaust his administrative remedies with respect to his conditions of confinement and retaliation claims. The Prison Litigation Reform Act of 1995 (PLRA) provides that a prisoner cannot assert a cause of action under federal law "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see also Woodford v. Ngo*, 548 U.S. 81, 93 (2006) (holding that the PLRA requires proper exhaustion of administrative

3

remedies). Exhaustion requires that a prisoner comply with the rules applicable to the grievance process at the inmate's institution. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). The failure to properly exhaust each step of the process constitutes failure to exhaust available administrative remedies. *Id.* This requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). The objective of § 1997e(a) is to "permit the prison's administrative process to run its course before litigation begins." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006) (quoting *Cannon v. Washington*, 418 F.3d 714, 719 (7th Cir. 2005); *see also Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). The Seventh Circuit applies a "strict compliance approach to exhaustion," and expects prisoners to adhere to "the specific procedures and deadlines established by the prison's policy." *Dole*, 438 F.3d at 809; *see also Hernandez v. Dart*, 814 F.3d 836, 842 (7th Cir. 2016) (citation omitted).

Wisconsin has implemented the Inmate Complaint Review System (ICRS) under which inmate grievances concerning prison conditions or the actions of prison officials are "expeditiously raised, investigated and decided." Wis. Admin. Code § DOC 310.01. Under the ICRS, an inmate must file a complaint with the institutional complaint examiner (ICE) within 14 calendar days after the occurrence giving rise to the complaint, unless good cause exists to excuse a delay. Wis. Admin. Code § DOC 310.09(6). The ICE has the authority to return, investigate, or recommend a decision to an appropriate reviewing authority. Wis. Admin. Code § DOC 310.07(2)(a)–(c). If a reviewing authority renders a decision, the inmate may appeal that decision to the Corrections Complaint Examiner (CCE) within 10 calendar days. Wis. Admin. Code § DOC 310.13(1). After receiving an appeal, the CCE shall issue a written receipt of the appeal to the inmate within five working days,

4

then recommend a decision to the DOC Secretary, who adopts or rejects the recommendation. Wis. Admin. Code §§ DOC 310.13(4); DOC 310.14(2). The failure to properly exhaust each step of the grievance process constitutes failure to exhaust administrative remedies. *Pozo*, 286 F.3d at 1025.

In this case, Plaintiff has presented no evidence that he submitted an inmate complaint relating to his conditions of confinement and retaliation claims and offers no excuse for his failure to do so. Although Plaintiff contends that he filed a number of institutional complaints, those complaints challenge the procedural aspects of the discipline he received and do not address the conditions of his confinement or Meli's purported retaliation. When the failure to exhaust is the prisoner's fault, those claims must be dismissed. *See Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008). Accordingly, the court will grant summary judgment on these claims.

**B. Supervisory Liability**

Pollard, Strahota, and Meli contend that they are entitled to summary judgment on Plaintiff's excessive force claim because Plaintiff cannot establish that they were personally involved in the alleged deprivation of his constitutional rights. "[I]ndividual liability under § 1983 requires 'personal involvement in the alleged constitutional deprivation.'" *Minix v. Canarecci*, 597 F.3d 824, 833 (7th Cir. 2010) (quoting *Palmer v. Marion Cty.*, 327 F.3d 588, 594 (7th Cir. 2003)). That is, a supervisor cannot be held liable for a subordinate's unconstitutional conduct unless the plaintiff demonstrates that the supervisor knew about the conduct and facilitated it, approved it, condoned it, or turned "a blind eye for fear of what they might see." *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001). "In short, some causal connection or affirmative link between the action complained about and the official sued is necessary for § 1983 recovery." *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995).

5

In this case, Plaintiff fails to make a sufficient showing that Pollard, Strahota, and Meli had any personal involvement in the May 9, 2012 incident or knew about Officer Beahm's alleged misconduct. The only officers present at the time of the incident were Officers Beahm and Waller. Because Pollard, Strahota, and Meli lacked the personal involvement necessary to impose liability under § 1983, summary judgment is appropriate. *See Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1988) ("[S]upervisors who are merely negligent in failing to detect and prevent subordinates' misconduct are not liable.").

## CONCLUSION

For these reasons, the defendants' motion for partial summary judgment (ECF No. 36) is **GRANTED**. Plaintiff's conditions of confinement claim, retaliation claim, and excessive force claim as to Defendants Pollard, Strahota, and Meli are dismissed. The only remaining claim in this case is Plaintiff's excessive force claim against Defendants Beahm and Waller. The Clerk is directed to set this matter on the court's calendar for a telephone scheduling conference.

**SO ORDERED** this  27th  day of August, 2018.

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court
